REDMANN, Judge,
dissenting.
La.R.S. 23:1221(4)(q) is designed to protect employers from fraudulent claims for workmen’s compensation for inguinal hernias.
Its subdivision (i) requires not only a “prompt” report to the employer[1] but also attendance by a doctor within 30 days.
The judgment appealed from dismissed plaintiff’s claim on the sole ground that he did not timely see a doctor.
The purpose of the statute is served— perhaps as well as it can be — by a requirement for prompt reporting of the accident. The statute does not mean what it says about being “attended” by a physician within 30 days; its subd. (iii) provides that, in certain cases, one need not accept medical treatment. Moreover, the statute cannot fairly be interpreted to oblige an employee to report both to his employer and (within 30 days) to a doctor, while allowing the employer to stay silent about rather than implement the requirement of seeing a doctor.
The liberal purpose of the overall compensation law obliges us, construing § 1221(4)(q)(i) and (iii) together and in the light of their purpose, to conclude that the employee is never obliged to be “attended” by a doctor but may be obliged to be examined within 30 days by a doctor of the employer’s choice. An employer who does not show that such a medical examination was requested by the employer is not entitled to dismissal of the employee’s claim for failure to have submitted timely to an examination.
Any other construction of the statute would violate fundamental due process and equal protection provisions of both state and federal constitutions.

. Here, a Friday accident was reported the following Monday. The motion for summary judgment does not suggest this report was fatally tardy.